## Buckman's Application.

C. L. Shaver, for petitioner.

Boose, P. J., May 29, 1930.—On April 7, 1930, R. E. Buckman filed his petition setting forth "that he is desirous of establishing himself in business in Somerset County as that of a detective for private hire," and praying that a license be granted to him for the purpose of conducting a detective business in accordance with the Act of May 23, 1887, P. L. 173; whereupon the court fixed Monday, April 28, 1930, as the time for hearing said application and

directed that public notice thereof be given in accordance with the provisions of said act. Attached to his petition there is a certificate signed by many business and professional men, officials and private citizens, certifying to the competency and integrity of the applicant and the necessity for his appointment. At the time of the hearing, three justices of the peace, three business men and one constable appeared and testified that, in their opinion, there is a necessity for the services of a private detective. Several persons testified in opposition to the granting of this license on the ground that there is no necessity therefor.

Prior to the passage of the Act of May 23, 1887, any one could engage in the detective business the same as in any other business or vocation. A detective is one whose business it is to detect criminals, to discover matters of secrecy, gather evidence to prove the commission of certain acts or conduct, criminal or otherwise, for hire or reward; and in order that the public might be protected against any abuse which persons might be guilty of in following this employment for private gain, it was deemed advisable by the legislature that no one should be permitted to engage in this business except such as receive a license from the court and give bond to protect the public against any violation of duty. In order that the powers thus conferred upon private detectives might be rendered more effective, they are, by the Act of May 31, 1901, P. L. 355, which amends section 3 of the Act of 1887, authorized and empowered to serve warrants in criminal cases within the Commonwealth. Keeping in mind the purpose of the act and the powers conferred thereunder, it is incumbent upon the applicant to furnish proof satisfactory to the court of his competency and integrity, as well as the necessity for granting a license to engage in said business.

From the certificates, letters and signatures attached to the petition and the personal knowledge and observation of the applicant, the court is satisfied of his competency and integrity; but we are not satisfied that there is any necessity for the licensing of a private detective or agency in this county. In construing the Act of May 23, 1887, P. L. 173, the courts have said:

"The Act of May 23, 1887, P. L. 173, is not one permitting every person who may be honest and competent to be licensed to act as a private detective. It simply makes it lawful for the court to appoint such persons if they see proper to do so. I would not grant a license to any one to act as a private detective unless I was satisfied that there was some emergency requiring it. The private detective has so much power for evil that I feel such appointments should only be made in cases of clear necessity:" Dickerson's Petition, 13 Dist. R. 32. See, also, Richey's Petition, 13 Dist. R. 400.

In this county, whose population is largely comprised of people engaged in agricultural pursuits and the coal mining industry, we already have a sufficient number of officers clothed with power and authority to detect and investigate crime, serve criminal warrants and to afford protection to the public. With the sheriff and his deputies always available, the regular employment of a county detective and authority conferred upon the district attorney to employ additional detectives for special purposes as occasion may require, the location of a troop of the state constabulary in the immediate vicinity of the county seat always subject to call, the election of a constable in every borough and township of the county, and the additional employment of policemen in the boroughs, it would appear that there is no necessity for the appointment of a private detective. The court is not satisfied from the evidence that any real necessity for licensing a private detective exists, and, therefore, the application is now refused.

From Mrs. Daryle R. Heckman, Somerset, Pa.